UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
|    ACE MOTOR ACCEPTANCE ) | |
|    CORPORATION ) | Case No. 18-30426 |
| ) | Chapter 11 |
|    Debtor. ) | |

**MOTION BY THE SPRYE CLASS FOR RELIEF FROM AUTOMATIC STAY TO PURSUE SPRYE CLASS ACTION IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Named Plaintiffs, Jamal Sprye and Evelyn Sprye, on their own behalf and on behalf of all others similarly situated ("Sprye Class"), through their undersigned counsel, hereby file this Motion for Relief From Automatic Stay (the "Motion") under section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, to allow Plaintiffs to pursue their class action lawsuit against Ace Motor Acceptance Corporation ("Ace" or "Debtor") *Sprye, et al. v. Ace Motor Acceptance Corp.*, Case No. 8:16-cv-03064-PX ("*Sprye*") in the United States District Court for the District of Maryland.

In support of the Motion, The Sprye Class makes the following showing to the Court:

JURISDICTION AND STATUTORY PREDICATE

1. The above-captioned Debtor filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on March 15, 2018 (the "Petition Date").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

3. The statutory predicate for this Motion is 11 U.S.C. § 362(d).

BACKGROUND

4. *Sprye* is a class action lawsuit that was filed against Ace seeking damages and injunctive relief for violation of the Telephone Consumer Protection Act, 47U.S.C. § 227 et seq. ("TCPA") and the Maryland Telephone Consumer Protection Act, §§ 14- 3201 et seq. of the Commercial Law Article ("MDTCPA") and is currently pending ( but stayed) in the United States District Court for the District of Maryland.

5. *Sprye* was originally filed on July 22, 2016 in Maryland state court, and was timely removed to the District of Maryland based on federal question jurisdiction and on diversity under CAFA (i.e., the Class Action Fairness Act).

6. On May 3, 2017, the Court dismissed the TCPA and MTCPA claims with leave to amend, and remanded the Maryland Wiretap Act claims to state court.

7. The Sprye Class filed an Amended Complaint on May 23, 2017, and on June 23, 2017 the Court granted the Parties' joint request for a 50 day stay to pursue mediation.

8. The mediation on August 3-4, 2017 did not result in settlement, but the Parties agreed to continue their negotiations.

9. On August 11, 2017, Ace filed a Motion to Dismiss based upon a purported Settlement Agreement with the Named Plaintiff Jamal Sprye. In fact, a representative from Ace traveled to Maryland from North Carolina for the purpose of obtaining an individual settlement with Mr. Sprye without his lawyers' knowledge; indeed, Ace's representative told Mr. Sprye the "deal was off" if Mr. Sprye spoke with his lawyers. This "pickoff scheme" was carried out with the assistance of Ace's Maryland lawyers.

10. Sprye Class Counsel first learned of the existence of the purported Settlement Agreement when the Motion to Dismiss was filed. In response to the Motion to Dismiss the Sprye Class filed an Opposition and a Rule 15 Motion to Amend the Complaint to include an additional Named Plaintiff, Evelyn Sprye.

11. On March 12, 2018 the Court held a hearing on Ace's Motion to Dismiss based on the Settlement Agreement. At the conclusion of the hearing the Court denied in part and deferred in part the Motion to Dismiss and granted the Sprye Class' Rule 15 Motion to Amend the Compliant.

12. On March 19, 2018 Ace filed a Suggestion of Bankruptcy.

13. The Parties engaged in mediation through the Bankruptcy Court on May 7, 2019 but were unable to reach a resolution.

<u>AUTHORITY IN SUPPORT OF
REQUEST TO LIFT STAY</u>

14. Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

15. To determine whether "cause" exists to lift the automatic stay, "[t]he court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). In making this determination, courts generally consider the following factors:

> (1) Whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;

    (2)    Whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and

    (3)    Whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*In re Robbins*, *supra*. The *Robbins* court concluded that, where no great prejudice to the bankruptcy estate would result, it is "often ... more appropriate to permit proceedings to continue in their place of origin." *Id.*, *see also In re Barrow,* 2015 WL 1545684 at *3-4 (Bankr. E.D. N.C. 2015) (Stay relief granted where defenses and claims in state court guaranty litigation did not involve issues that required the bankruptcy court's expertise). This sentiment is echoed in the legislative history of section 362(d)(1) which notes, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

16. Here, all of the *Robbins* factors support granting relief from stay to allow *Sprye* to proceed. First, *Sprye* is currently pending in federal court, however the operative complaint alleges violations of both federal and state law concerning autodialed telephone calls, and recording of wire transmissions. The expertise of the bankruptcy court is inapplicable to consideration of these issues.

17. Second, relief from stay in this case will promote judicial economy and avoid expense and delay to the Debtor's estate. Absent relief from stay, this Court would be forced to litigate a full class action trial, including the issues surrounding class certification

and specific procedures attendant to such cases. Although it is not impossible to pursue a class action in bankruptcy court, the Fourth Circuit has noted that "gaps in the Bankruptcy Rules raise some difficult procedural issues about the manner in which the Bankruptcy Rules provide for class actions in bankruptcy cases." *Gentry v. Siegel*, 668 F.3d 83, 88 (4th Cir. 2012). Further, "[j]udicial economy dictates a prompt resolution in a single forum and with the same judge who was originally assigned to the case." *See also Murray Indus., Inc. v. Aristech Chem. Corp. (In re Murray Indus., Inc.),* 121 B.R. 635, 637 (Bankr.M.D.Fla.1990)( "[T]his Court is of the opinion that to begin this litigation anew in this bankruptcy court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources"). It would be far more efficient to allow for litigation of *Sprye* in the District of Maryland where the case has been pending for more than three years. The Maryland District Court is familiar and experienced with class actions and the procedures in District Court to manage such cases. Moreover, the Parties have already conducted significant motions practice in Maryland and the Judge (Hon. Paula Xinis) is familiar with the allegations, the parties and the procedural posture of the case.

18.     In a similar case, *Matter of Rexene Products Co.*, 141 B.R. 574 (1992), the bankruptcy court lifted the stay and allowed the plaintiffs to pursue a class action against a Chapter 11 debtor. In coming to its conclusion, the bankruptcy court noted that class actions in particular run the risk of creating duplicative litigation contrary to the interests of judicial economy because the claims against the debtor would need to be resolved through a claims estimation proceeding prior to the confirmation and then followed by a full trial on the merits. *Id.* at 577. There is no question that in this case it is in the interest of judicial economy for *Sprye* to proceed in the District of Maryland.

19. Finally, lifting the stay will not harm the estate or the interests of other creditors. If the stay is lifted, the District of Maryland would make a determination regarding the merits of the Sprye Class' claims, after which this Court could retain jurisdiction to subsequently determine the allowance of the claims against the estate.

20. For these reasons, "cause" exists to lift the stay under section 362(d) of the Bankruptcy Code to allow *Sprye* to proceed to conclusion in the District of Maryland.

WHEREFORE, The Sprye Class respectfully requests that the Court enter an order granting the following relief:

A. Granting the Motion in its entirety;

B. Lifting the automatic stay under section 362(d) of the Bankruptcy Code;

C. Waiving the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

D. Granting such other and further relief as the Court deems proper under the circumstances.

Dated: July 29, 2019

*/s/ Richard S. Gordon*
Richard S. Gordon
Federal Bar No. 06882
GORDON, WOLF & CARNEY CHTD
100 W. Pennsylvania Ave., Suite 100
Towson, MD 75243
Tel.: (410) 825-2300
Fax: (410) 825-0066
rgordon@gwcfirm.com

*/s/ Matthew T. McKee*
Matthew T. McKee, NC Bar #28675
MaxGardnerLaw PLLC
P.O. BOX 1000
Shelby, North Carolina 28151
Patton Dr, Suite 213A
Tel: (704) 487-0616
Fax: (888) 870-1647
mattmckee@maxgardner.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In Re:                                        )
    ACE MOTOR ACCEPTANCE           )
    CORPORATION                              )    Case No. 18-30426
                                                           )    Chapter 11
    Debtor.                                        )
_____

NOTICE OF OPPORTUNITY FOR HEARING

    TAKE NOTICE that a motion for relief from stay has been filed by The Sprye Class Plaintiffs.  A copy of the application or motion accompanies this notice.

YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

TAKE FURTHER NOTICE that if you do not want the Court to grant the relief requested by the Movants in their motion, or if you want the Court to consider your views on the motion, then on or before August 12, 2019 , you or your attorney must do three (3) things:

1.     File with the court a written request for a hearing and a written response if you desire to file one at:

        United States Bankruptcy Court
        Western District of North Carolina
        401 W. Trade St., Room 111
        Charlotte, NC 28202

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

2.     On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:

| Richard S. Gordon | Matthew T. McKee, NC Bar #28675 |
| --- | --- |
| Federal Bar No. 06882 | MaxGardnerLaw PLLC |
| GORDON, WOLF & CARNEY CHTD | P.O. BOX 1000 |
| 100 W. Pennsylvania Ave., Suite 100 | Shelby, North Carolina 28151 |
| Towson, MD 75243 | Patton Dr, Suite 213A |

        and to:

        Shelley Abel, Bankruptcy Administrator
        402 West Trade St., Suite 110
        Charlotte NC 28202-1664

3.     Attend the hearing scheduled for Tuesday, August 27, 2019 at 9:30 a.m. in the Charles R. Jonas Federal Building, 401 W. Trade St., Charlotte, NC.

If you or your attorney do not take these steps, A HEARING WILL NOT BE HELD, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the 29th day of July, 2019

*/s/ Richard S. Gordon*
Richard S. Gordon
Federal Bar No. 06882
GORDON, WOLF & CARNEY CHTD
100 W. Pennsylvania Ave., Suite 100
Towson, MD 75243
Tel.: (410) 825-2300
Fax: (410) 825-0066
rgordon@gwcfirm.com

*/s/ Matthew T. McKee*
Matthew T. McKee, NC Bar #28675
MaxGardnerLaw PLLC
P.O. BOX 1000
Shelby, North Carolina 28151
Patton Dr, Suite 213A
Tel: (704) 487-0616
Fax: (888) 870-1647
mattmckee@maxgardner.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **In re** ) | |
| ) | |
| **ACE MOTOR ACCEPTANCE** ) | **Chapter 11** |
| **CORPORATION** ) | **18-30426** |
| ) | |
| **Debtor** ) | |

**CERTIFICATE OF SERVICE**

Casey J. Hopper, Legal Assistant, hereby certifies to the Court as follows:
1. I am not a party for the foregoing proceeding;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **MOTION TO APPEAR *PRO HAC VICE*** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, (or by certified mail, return receipt, postage prepaid, as indicated below), addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

AmerisBank
Attn:Corporate Finance Dept.
P O Box 1030
Cartersville, GA 30120

NextGear Capital, Inc.
ATTN: Kathryn Benfield
1320 City Center Drive, Suite 100
Carmel, IN 46032

Stuart and Jeffrey Algood
c/o John C. Woodman
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203

Donald Eugene Brown
c/o Felton Parrish
1001 Morehead Square Dr., Ste. 450
Charlotte, NC 28203

Justin Harrison
Attorney for Pauline Williams
Slotegraaf Niehoff, PC
200 East Third St.
Bloomington, IN 47401

**And via the Court's Electronic Case Filing System to:**

James H. Henderson, Attorney for the Debtor
Daniel J. Finegan, Attorney for NextGear Capital, Inc.
Anna S. Gorman, Attorney for Official Committee of Unsecured Creditors
Michael Leon Martinez, Attorney for Official Committee of Unsecured Creditors
Bankruptcy Administrator

4. To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
5. Service as outlined herein was made within the United States of America.

This the 29th day of July, 2019.

/S/ Casey J. Hopper
Casey J. Hopper, Legal Assistant
MaxGardnerLaw, PLLC
P.O. Box 1000, Shelby, NC 28151-1000
(704) 487-0616