IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case No. 18-30426 |
| ACE MOTOR ACCEPTANCE ) | |
| CORPORATION, ) | Chapter 11 |
| Debtor. ) | |

**AMENDED REQUEST FOR HEARING AND RESPONSE TO PLAN PROPONENTS' SECOND OMNIBUS OBJECTION TO CLAIMS**

NOW COME George Clardy, Sylvia Clardy and Eagle Services & Towing, LLC, by and through undersigned counsel, and request a hearing on Plan Proponents' Second Omnibus Objection to Claims and hereby respond to the numbered paragraphs in the Objection to Claims as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Responding to paragraph 6, Mr. Clardy was the Member Manager of Eagle Service and Towing, LLC.

7. Admitted.

8. Responding to Paragraph 8, it is admitted that a payment in the amount of $453,723.81 was made by Debtor pursuant to a Judgment obtained against the Debtor within 90 days prior to the Petition date.  Claimants deny that the payment is a recoverable transfer pursuant to 11 U.S.C Sections 547 and 550.

9. Responding to paragraph 9, Claimants deny that Debtor does not owe anything to

the Claimants as the Proofs of Claim represent the attorney fees awarded in the Judgment obtained against the Debtor by Claimants. Further, Claimants admit that the Proofs of Claim are duplicative and there should only be one claim allowed for the outstanding amount of attorney fees owed to Claimants in the amount of $697,489.65. Claimants deny that the claims are unreasonable in amount, that they are barred under 11. U.S.C. Section 502(d), are barred by the doctrines of setoff and/or recoupment or that the Claims are barred by the doctrines of waiver, release, and/or estoppel. To the extent that the Proofs of Claim do not contain adequate information to support the calculation of the amounts owed by the Debtor, Claimants will supplement the information to the Plan Proponents prior to a hearing on this matter.

10. Claimants believe that an evidentiary hearing should be held and that they have had insufficient opportunity to obtain relevant documents and information to supports their claims. Claimants request that the Court continue its hearing scheduled for June 23, 2020 for a period of at least thirty (30) days to permit additional time to allow Claimants to gather and review relevant documents and records.

WHEREFORE, having fully responded to the Objection to Claims, Claimants hereby Request that the Court enter an Order:

(1) Overruling the Debtor's Objection or that the Plan Proponents be Ordered to initiate an adversary proceeding to resolve the matters asserted in the Objection;

(2) That the hearing scheduled for June 23, 2020 be continued for at least thirty (30) days to permit Claimants time gather, review and exchange relevant documents and records; and if necessary, reschedule by agreement off docket to allow the presentation of evidence.

(3) That the Court grant such other and further relief as is just and proper.

This the 22ⁿᵈ day of June, 2020..

                                      **BURT & CORDES, PLLC**

By:    /s/ Stacy C. Cordes
          Stacy C. Cordes
          State Bar No. 18122
          122 Cherokee Road, Suite 1
          Charlotte, North Carolina 28207
          Telephone:    704.332.3282
          Facsimile:    704.332.3324

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2020, I electronically filed the foregoing AMENDED REQUEST FOR HEARING AND RESPONSE TO PLAN PROPONENTS' SECOND OMNIBUS OBJECTION TO CLAIMS with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following parties:

U.S. Bankruptcy Administrator

Brad Baldwin
Hecht Walker P.C.
Counsel for Hamilton State Bank

Ashley A Edwards
Parker Poe Adams Bernstein LLP
Counsel for Hamilton State Bank

Daniel J. Finegan
Hamilton Stephens Steele + Martin PLLC
Counsel for NextGear Capital, Inc.

Kiah T. Ford, IV
PARKER, POE, ADAMS & BERNSTEIN L.L.P.
Counsel Hamilton State Bank

Anna S. Gorman
Grier, Furr, & Crisp PA
Counsel for Official Committee of Unsecured Creditors (Ace Motor)

James H. Henderson
The Henderson Law Firm
Counsel for Ace Motor Acceptance Corporation

R. Keith Johnson
Counsel for Bank of New England

Kristin Harmon Lang
Counsel for McCoy Motors, LLC

Michael Leon Martinez
Grier Furr & Crisp
Counsel for Official Committee of Unsecured Creditors (Ace Motor)

John R. Miller, Jr.
RAYBURN COOPER & DURHAM, P.A
Counsel for Shirley A. Cook Karch and Steven A. Cook

Richard S. Wright
Moon Wright & Houston, PLLC
Counsel for Janet G. Algood Living Trust, John G. Algood Living Trust, Malvin L. Algood Living Trust and Russell Edward Algood Revocable Trust Dated May 15, 2013

This the 22nd day of June, 2020.

                                                **BURT & CORDES, PLLC**

By:   /s/ Stacy C. Cordes
       Stacy C. Cordes
       State Bar No. 18122
       122 Cherokee Road, Suite 1
       Charlotte, North Carolina 28207
       Telephone:   704.332.3282
       Facsimile:   704.332.3324