IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| **ACE MOTOR ACCEPTANCE CORPORATION,** | ) Case No. 18-30426 ) |
| Debtor. | ) ) ) |

**OBJECTION TO *EX PARTE* MOTION FOR RULE 2004 EXAMINATION FILED BY GARRETT MOTORS, INC. AND MOTION TO RECONSIDER**

Pursuant to Local Rules 2004-1 and 9013-1(f), The Russell Edward Algood Revocable Trust Dated May 15, 2013, the Janet G. Algood Living Trust, the John G. Algood Living Trust, the Malvin L. Algood Living Trust (collectively, the "Plan Proponents") and Ace Motor Acceptance Corporation (the "Debtor") object to the *Ex Parte Motion for Rule 2004 Examination of Debtor* (the "2004 Motion") [Doc. 303] filed by Garrett Motors Inc. ("Garrett"), and move the Court to reconsider its *ex parte* order granting the 2004 Motion. [Doc. 310]. In support thereof, the objecting parties state as follows:

**I. BACKGROUND**

1.  The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court on March 15, 2018.

2.  Garrett filed Claim 20 on May 22, 2018, asserting an unsecured, nonpriority claim against the Debtor's estate in the amount of $64,500.00. The asserted basis for the claim is "forced buy out per each remaining contract." *See* Claim No. 20-1.

3.  Upon information and belief, Garrett's claim relates to fees arising from its election to repurchase loans from the Debtor, rather than allowing the Debtor to sell said loans

from its portfolio in bankruptcy, pursuant to the parties' BHPH Purchasing & Performance Agreement (the "Agreement").

4. The Court confirmed a plan of liquidation submitted by the Plan Proponents on May 11, 2020. See *Order Confirming Chapter 11 Plan* [Doc. 277].

5. Pursuant to the confirmed plan, the Plan Proponents objected to Garrett's claim on May 14, 2020 on the grounds that, *inter alia*, there is no basis for the asserted debt under the parties' Agreement or otherwise. See *Objection to Claim* [Doc. 288].

6. In response, Garrett has alleged (a) that the Debtor tortiously and wrongfully "forced" it to repurchase the subject loans. See *Garrett Motors, Inc.'s Response to Objection to Claim* [Doc. 302]. In addition, Garrett filed the 2004 Motion seeking to examine the Debtor and to obtain a variety of documents unrelated to the claim at issue in this contested matter.

7. The Court entered an *ex parte* order allowing the 2004 Motion on June 19, 2020. [Doc. 310]. The Plan Proponents and the Debtor timely interpose this objection and motion for reconsideration pursuant to Local Rule 9013-1(f) and request a hearing on the same.

## II. REASONS THE 2004 MOTION SHOULD BE DENIED

### A. Rule 2004 Discovery is Inappropriate in a Contested Matter

8. The objection to Garrett's claim constitutes a "contested matter" under Bankruptcy Rule 9014. "If a dispute in a bankruptcy proceeding is not an adversary proceeding, it is a contested matter." *In re Swiss Chalet, Inc.*, 2013 Bankr. LEXIS 918, *11 (Bankr. D. P.R. March 11, 2013). *See also* 10-9014 *Collier on Bankruptcy* ¶ 9014.01 ("Numerous types of contested matters arise with some frequency in bankruptcy cases; the list is endless.").

9. Discovery related to such a contested matter is governed by Bankruptcy Rule 9014(c) (incorporating the relevant discovery rules contained in the Federal Rules of Civil Procedure), rather than by Rule 2004.

10. The scope of an examination under Rule 2004 is "unfettered and broad" and is commonly characterized as more in the nature of a "fishing expedition." *In re The Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996) (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985)).

11. On the other hand, the "well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the *Fed. R. Bankr. P. 7026 et seq.*, rather than by a *Fed. R. Bankr. P. 2004* examination." *Bennett Funding*, 203 B.R. at 28 (citing authorities).

12. The justification for such a rule is self-evident. All parties engaged in litigation, including debtors, are entitled to the due process protections afforded by the Federal Rules of Civil Procedure. *See, e.g., In re Vaughn*, 151 B.R. 87, 89 n. 2 (Bankr. W.D. Tex. 1993) ("all parties in interest in a bankruptcy case are entitled to the statutory due process protections provided by the Rules of Bankruptcy Procedure"). "The underlying purpose of incorporating Federal Rules of Civil Procedure into contested matters is to provide due process protections to all parties of a dispute even though it does not rise to the status of a formal adversary proceeding." *In re Analytical Systems, Inc.*, 71 B.R. 408, 412 (Bankr. N.D. Ga. 1987).

13. With the filing of the 2004 Motion, Garrett surreptitiously attempts an end-run around the due process limitations imposed by the Federal Rules of Civil Procedure. On one hand, it purports to seek discovery "with respect to Garrett's right and ability to maintain its

Claim in light of the Objection filed by the Plain [sic] Proponents." Thus, Garrett seemingly recognizes the propriety of narrow discovery related to the Plan Proponents' claim objection.

14. Simultaneously, however, Garrett seeks an *ex parte* order compelling the Debtor (a) to produce all agreements between the parties, (b) to produce years' worth of financial documentation with no bearing on the instant dispute, (c) to produce unspecified "communications and documents" related to purported demands by the Debtor (the occurrence of which the Debtor disputes), and (d) to appear for an unlimited and unspecified witness examination.

15. The Plan Proponents and the Debtor submit that, recognizing the weakness of its existing claim, Garrett now seeks such broad discovery in a veiled attempt to "find" a new claim that would enable it to lever money from the bankruptcy estate. Such inappropriate tactics fail to provide the minimum level of due process to which the parties are entitled and subject them to unfair prejudice.

### B. The 2004 Motion is Unreasonable in Scope

16. The 2004 Motion seeks to compel the Debtor to produce contracts, statements of account from 2016 forward, and "internal communications and documents of Debtor related to Debtor's demand to either sell Garrett's receivable contracts or to require Garrett to pay a $300 per contract buy-out fee." Moreover, Garrett seeks to compel the Debtor to sit for examination without any indication of the deposition's subject matter.

17. Such an ill-defined "fishing expedition" is wholly unwarranted here.

18. As an initial matter, the Debtor has already provided the underlying Agreement in its entirety to Garrett's counsel. There are no other contracts between the parties pertinent to their dispute.

19. Next, any so-called "account statements" sought in the 2004 Motion are irrelevant to the creditor's attempt to recover a fee governed by the terms of the Agreement. Loan collection reports were provided to Garrett regularly during the duration of its contractual relationship with the Debtor. Requiring the Debtor to locate these same reports and provide them, again, when they are already in Garrett's possession is neither proportional to the needs of the dispute before the Court nor reasonable.

20. This is particularly true when the Debtor has ceased its pre-bankruptcy operations and no longer has any employees.

21. Garrett, on the other hand, continues in business in Hampton, Virginia. According to its website (www.garrettmotorsinc.com) the company continues to sell cars and offers ongoing financing to its customers. Garrett also employs at least seven workers (including, but not limited to, Ronnie Garrett, Donna Garrett, Shawn Teakley, Tim Shaughnessy, Paul Moscak, Vinny Shaughnessy, and Scott Davis). Indeed, Garrett's advertising slogan is "RIDE TODAY WITH IN HOUSE FINANCING – GARR*RON*TEE YOU." As among the parties to this dispute, it appears that Garrett is in the best position to produce the very same records it now seeks from the Debtor.

22. As for internal documents and communications related to an alleged demand to sell the loan contracts at issue, the Debtor denies that any such "demand" occurred. Accordingly, it is unaware of any responsive documents that it could produce.

23. Finally, Garrett asks the Court to compel the Debtor to appear for a witness examination. However, Garrett has made no effort to identify the matters upon which it intends to question the Debtor. Its failure to do so is plainly inconsistent with Bankruptcy Rule 7030(b)(6) and, again, subjects the Debtor and the Plan Proponents to unfair prejudice. *See, e.g.,*

*Analytical Systems,* 71 B.R. at 412 (allowing examination, but only subject to protections of Rule 30(b)(6)).

24.Thus, in addition to the impropriety of using Bankruptcy Rule 2004 as a discovery device in this contested matter, the Court should deny the Rule 2004 Motion on the grounds that it is overreaching, seeks irrelevant information, and fails to comply with the appliable Rules of Civil Procedure.

### III. CONCLUSION

WHEREFORE, the Debtor and the Plan Proponents pray the Court to reconsider its *ex parte* order granting the Rule 2004 Motion, deny the same, and grant such other relief as is just and proper.

Dated:Charlotte, North Carolina
June 25, 2020

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone: (704) 944-6560
*Counsel for the Plan Proponents*

**THE HENDERSON LAW FIRM, PLLC**

*/s/ James H. Henderson*
James H. Henderson (Bar No. 13536)
1120 Greenwood Cliff
Charlotte, North Carolina 28204
Telephone: (704) 333-3444
*Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing OBJECTION TO *EX PARTE* MOTION FOR RULE 2004 EXAMINATION FILED BY GARRETT MOTORS, INC. AND MOTION TO RECONSIDER was served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case on the date shown below.

Dated: Charlotte, North Carolina
        June 25, 2020

                                              **MOON WRIGHT & HOUSTON, PLLC**

                                              */s/ Richard S. Wright*
                                        Richard S. Wright (NC Bar No. 24622)
                                        121 West Trade Street, Suite 1950
                                        Charlotte, North Carolina 28202
                                        Telephone: (704) 944-6560
                                        *Counsel for the Plan Proponents*